## DYER vs. FREDERICKS.

At the time the report in this case was prepared—see page 173, *ante*, the reporter had not received the following opinion by Judge Barrows, which subsequently came to his hands from another justice.

BARROWS, J.   We should be slow to infringe upon the wholesome rule which prohibits the introduction of parol evidence to prove the contents of a written instrument until it is shown to the satisfaction of the court that the written instrument itself cannot be produced.

If these exceptions show that testimony was admitted at the trial in contravention of it, they ought to be sustained.

The plaintiff complains of the admission of parol evidence offered by the defendant to rebut the parol proof which the plaintiff had been allowed to put in of the contents of a certain bill of lading signed by plaintiff and the owners of the brig of which the defendant was master more than ten years before the trial, and to prove the contents of that writing different from what was asserted by the plaintiff's witnesses—because the defendant testified that on his return from the voyage he delivered to one Plummer, an owner in the vessel, the owners' duplicate of the bill of lading, and the defendant called no one to prove the loss or destruction of that duplicate.

We should not forget that a bill of lading is both a receipt and a contract, and so far as it operates as a receipt it is open to explanation or contradiction by parol. *O'Brien* v. *Gilchrist*, 34 Maine, 554; *The Lady Franklin*, 8 Wall, 325.

Nor that the contract between the ship and the shipper is that which is contained in the bill delivered to the shipper—the "ship's bills" being designed only for the information and convenience of the master and owners, and not for evidence as between the par-

ties what the agreement was, and therefore if they differ from those in the possession of the shipper, the latter are to be deemed the true and only evidence of the contract. *The Thames,* 14 Wall., 98. It does not very distinctly appear in the exceptions how the question arose between these parties, nor what the evidence offered by the defendant tended to show. But if it be conceded that it was a case where inability to produce the writing itself must be shown in order to make the parol testimony competent, then it was incumbent on the plaintiff to do it before the secondary evidence which he offered was admitted. What proof he offered for this purpose does not appear, but the fair presumption is that he lived up to the doctrine for which he now contends.

It was settled in *Poignard* v. *Smith,* 8 Pick., 272, affirming *King* v. *Castleton,* 6 T. R., 236, that the loss of original counterparts must be shown to make secondary evidence admissible.

The well known course of business is that a bill of lading is executed in duplicate or triplicate, and the party proposing secondary evidence should show due diligence to find and produce an original in order to free himself from the suspicion of resorting to secondary evidence because the best would not answer his purpose.

The plaintiff produced in this case such evidence as was deemed satisfactory that it could not be done, and was permitted to put in the parol testimony.

If in the progress of the trial it had appeared that there was reasonable ground to believe that there was a counterpart in existence which might be produced, but which was not in the possession or under the control of either party to the suit, it was incumbent upon the plaintiff to account for its non-production upon pain of having his own parol proof struck out, which would have left him in no better condition than the verdict of the jury has done. Had there been any reason to believe that the counterpart of the bill of lading could have been produced and would have sustained the plaintiff's position he would at least have asked a postponement long enough to enable him to settle the question. He does not

appear to have done so, but contented himself with objecting to the use by the defendant of the same class of testimony upon which he himself relied.

The case differs from *Bogart* v. *Brown*, 5 Pick., 18, in this essential particular, that there, the document respecting which the plaintiff had offered the parol testimony was in the possession of the defendant himself. Under such circumstances or whenever there is ground to suspect that the party offering secondary is suppressing primary evidence he will of course be precluded. But here the testimony of the defendant that the duplicate went to the owners at the end of the voyage was nothing new nor strange. The exceptions show that the plaintiff well knew that there was once a duplicate of the instrument in existence, for it was admitted by both parties to be precisely like the one retained and lost by the plaintiff. He knew who the owners were, for it was with them that he made the contract.

The presiding judge was doubtless satisfied that neither party could produce it and therefore both were allowed to go into secondary evidence.                    *Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, VIRGIN and PETERS, JJ., concurred.